## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                           **Case No. 15-20040-01-JWL**

**Jawad Obaid,**

       **Defendant.**

### <u>MEMORANDUM & ORDER</u>

Defendant Jawad Obaid pled guilty to Exceeding Authorized Access to Computer in violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030 (c)(2)(A). In October 2016, the court sentenced defendant to three years' probation. In the judgment entered on October 11, 2016, the court also ordered defendant to pay a $25.00 special assessment and restitution in the amount of $143,497.77. Defendant's restitution was subsequently reduced to a total of $23,792. A balance of $19,478.33 remains outstanding as of August 8, 2022.

The government filed an Application for Writ of Continuing Garnishment on June 24, 2022, as to the garnishee, University of Kansas ("Garnishee"). A Writ of Continuing Garnishment was issued and served upon the Garnishee. The Garnishee filed an Answer, stating that it currently employed defendant and that it calculated defendant's biweekly net wages as $1909.90. Defendant objects to and requests a hearing on the application and the answer. Specifically, defendant contends that the writ is inconsistent with the terms of a monthly payment plan that he

and the government agreed upon and that, because he has not defaulted on his payments, the court should quash the writ of continuing garnishment.[1]

The Mandatory Victim Restitution Act (MVRA) provides that when sentencing a criminal defendant, "the court shall order . . . that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1). The MVRA also provides that the government may enforce restitution orders "in the same manner it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). Thus, to obtain satisfaction of a restitution judgment, the government, as it has done here, must use the procedures outlined in the Federal Debt Collection Procedures Act (FDCPA). *See* 28 U.S.C. § 3001(a)(1) & 3002(3) (debt includes restitution order). The FDCPA authorizes the government to seek and a court to issue a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Section 3202(d) authorizes a debtor to request a hearing on a writ of garnishment. The right to a hearing is not absolute, however, and "[c]ourts routinely deny a request for hearing where the debtor did not object based on one of the issues specified in [section 3202]." *United States v. Greene*, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016) (quoting *United States v. Page*, 2013 WL 2945070, at *5 (N.D. W. Va. June 14, 2013)). Specifically, the issues at a hearing regarding enforcement of a criminal judgment are limited to: (1) the probable validity of any claim

---

[1] Without seeking leave of court, the government filed a surreply to defendant's reply brief. The court has disregarded that surreply in resolving defendant's objection. *Francis v. Meyer*, 2022 WL 1404647, at *1 (D. Kan. May 4, 2022) (surreplies are permitted only with leave of court and under "rare circumstances" after good cause is shown).

of exemption by the judgment debtor, and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted. 28 U.S.C. § 3202(d)(1)-(2). Subparagraph (3) pertains only if the judgment was entered by default and is thus not applicable when the underlying judgment is a criminal judgment. An objection outside of these issues does not require a hearing. *See Greene*, 2016 WL 3526054, at *5. The party challenging a garnishment must state the grounds for the objection and has the burden of proving the grounds for that objection. 28 U.S.C. § 3205(c)(5). Defendant does not advance any claim that the garnishment was not properly issued, or that it attached to any exempt property rights by exceeding the 25% authorized by 15 U.S.C. § 1673(a)(1). Defendant's request for hearing, then, is denied.

The court also rejects defendant's argument that the payment plan somehow limits the government's ability to garnish defendant's wages. In fact, the judgment in this case expressly states that restitution is "due immediately," and that the schedule set forth in the judgment (monthly payments of "not less than" 5 percent of the defendant's monthly gross income) "in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if defendant is in full compliance with the payment schedule." Doc. 47, p.5. *Compare United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015) (where district court declined to make full restitution amount "due immediately," defendant was only required to comply with payment schedule and there was no immediately enforceable debt) *with United States v. Silverman*, 2019 WL 6799460, at *7 (D. Colo. Dec. 13, 2019) (unlike *Martinez*, judgment of conviction explicitly stated that restitution amount was due immediately; existence of a minimum payment schedule of $1,000 a month did not change the reality that the

3

full amount of restitution was due and owing and government was authorized to seek writ of garnishment).  As the Circuit has explained:

> Courts have almost uniformly recognized a "crucial distinction" between cases like *Martinez*, in which the court orders the defendant to pay only through a payment schedule with no requirement of immediate payment in full, and cases like *Behrens* and *Shusterman*, in which the judgment specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments to cover any unpaid amounts.

*United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018) (affirming district court's conclusion that the government may seek garnishment of defendant's bank account because the total amount of restitution was ordered "due immediately" at the time of judgment) (citing *United States v. Behrens*, 656 F. Appx. 789, 790 (8th Cir. 2016) and *United States v. Shusterman*, 331 F. Appx. 994, 996–97 (3d Cir. 2009)).  Because the court ordered that the restitution amount was due immediately, the government may seek garnishment of defendant's wages.

In the alternative, defendant asks the court to adjust the amount of the garnishment by deducting his mandatory KPERS contribution before calculating defendant's net earnings.  But a review of the garnishee's answer reveals that the garnishee already deducted this contribution before calculating the net earnings.  This argument, then, is moot.  Defendant also asks the court to consider that his monthly bills have increased considerably.  He has not submitted any evidence of this increase, however, and the burden is on defendant to do so.  The court, then, is not persuaded by defendant's argument that the amount of the garnishment should be decreased. Finally, defendant expresses some concern that the garnishment will affect his employment status with the garnishee.  But a garnishee is prohibited by law from terminating an employee based on

4

the fact that "his earnings have been subjected to garnishment for any one indebtedness." *See* 15 U.S.C. § 1674.

For the foregoing reasons, the court overrules defendant's objection to the writ of continuing garnishment and declines to reduce the amount of the garnishment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's objection to the writ of continuing garnishment (doc. 77) is overruled and his motion for hearing (doc. 77) is denied.

**IT IS SO ORDERED.**

Dated this __26th__ day of August, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
_____
John W. Lungstrum
United States District Judge